UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-324-F

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARNOLD OGDEN JONES, II | MOTION TO SEQUESTER PROSECUTION WITNESSES AND INCORPORATED MEMORANDUM OF LAW<br><br>Fed. R. Evid. 615 |

The Defendant comes by and through undersigned counsel and, pursuant to Fed. R. Evid. 615, moves this Court for an order (1) sequestering all witnesses the government intends to call during trial, and (2) prohibiting the prosecutor, case agent, and/or previously called witnesses from revealing anything about the trial testimony to anyone who is or may be a witness for the government.

Rule 615 of the Federal Rules of Evidence provides:

> At the request of a party, the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

Thus, once a request has been made, Rule 615 provides for the exclusion of witnesses as a matter of right. See United States v. Farnham, 791 F.2d 331, 334-35 (4th Cir. 1986). The government may designate one, but only one, investigating agent to be exempt from the exclusion. See United States v. Parodi, 703 F.2d 768, 773 (4th Cir. 1983); Farnham, 791 F.2d at 335.

Rule 615 is designed to aid the truth-seeking process and prevent witnesses from shaping their testimony to match that given by other witnesses. Id.; United States v. McMahon, 104 F.3d 638, 643 (4th Cir. 1997). In furtherance of these goals, a sequestration order under Rule 615 not only excludes the witnesses from the courtroom, but also prohibits such witnesses from discussing the trial testimony outside of the courtroom and otherwise circumventing the purpose of the sequestration order. United States v. Greschner, 802 F.2d 373, 376 (10th Cir. 1986). Cf. McMahon, 104 F.3d at 643 (witness held in contempt for violating sequestration order by paying person to sit at trial and report happenings to witness).

Therefore, to have the intended effect, a sequestration order should not only direct the government to designate one government representative and prohibit the other government witnesses from being present during the trial when not testifying; it should also prohibit communication about the trial testimony between any government witnesses or potential government witnesses. See Greschner, 802 F.2d at 376.

## CONCLUSION

For the foregoing reasons, Jones respectfully requests that the Court enter an order (1) sequestering all witnesses the government intends to call during trial, except for one designated case agent; and (2) prohibiting the prosecutor, case agent, and/or previously called witnesses from revealing anything about the trial testimony to anyone who is or may be a witness for the government.

Respectfully submitted, this the 1st day of July, 2016.

| | |
|---|---|
| CHESHIRE PARKER SCHNEIDER & BRYAN, PLLC | HAITHCOCK, BARFIELD, HULSE & KINSEY, PLLC |
| /s/ Joseph B. Cheshire, V<br>Joseph B. Cheshire, V<br>N.C. State Bar # 5543<br>Joe.Cheshire@cheshirepark.com | /s/ Glenn A. Barfield<br>Glenn A. Barfield<br>N.C. State Bar # 13770<br>barfield@hbhklaw.com |
| /s/ Elliot S. Abrams<br>Elliot S. Abrams<br>N.C. State Bar # 42639<br>elliot.abrams@cheshirepark.com | /s/ Brian Geoffrey Hulse<br>Brian Geoffrey Hulse<br>N.C. State Bar # 12991<br>hulse@hbhklaw.com |
| P. O. Box 1029<br>133 Fayetteville St., Suite 500<br>Raleigh, NC 27602<br>(919) 833-3114 (TEL)<br>(919) 832-0739 (FAX) | P. O. Drawer 7<br>231 E. Walnut St.<br>Goldsboro, NC 27533-0007<br>919-735-6420 (TEL)<br>919-734-6296 (FAX) |

*Retained Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to Assistant United States Attorney William Gilmore.

This the 1st day of July, 2016.

/s/ Elliot S. Abrams
Elliot S. Abrams