IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00324-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ARNOLD OGDEN JONES, II, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's Motion to Sequester Prosecution Witnesses [DE-37], to which the Government has filed a response [DE-41]. Accordingly, the motion is ripe for ruling. For the reasons that follow, Defendant's motion is allowed.

On November 3, 2015, Defendant was charged in a three-count indictment with payment of a bribe to a public official, in violation of 18 U.S.C. § 201(b)(1), payment of a gratuity to a public official, in violation of 18 U.S.C. § 201(c)(1)(A), and attempted corrupt influence of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2). [DE-1]. Defendant's arraignment and trial are scheduled for the September 26, 2016 term of court. [DE-22].

Defendant seeks a court order sequestering all Government witnesses during the trial, acknowledging that the Government is entitled to exempt one investigating agent from the sequestration order pursuant to Rule 615(2), and prohibiting the prosecutor, case agent, and/or previously called witnesses from revealing anything about the trial testimony to anyone who is or may be a witness for the Government. [DE-37]. The Government responds that it does not oppose Defendant's motion, and requests that any order also apply to defense witnesses and their out-of-court communications. [DE-41].

Rule 615 of the Federal Rules of Evidence provides that "[a]t a party's request, the court

must order witnesses excluded so that they cannot hear other witnesses' testimony." Thus, sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir. 1986). Each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) (en banc) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.") (quotations and citations omitted). Excepted from sequestration are (1) the parties themselves, (2) the designated representative of an entity, (3) a person whose presence is shown by a party to be essential to the presentation of the case, or (4) a person authorized by statute to be present. Fed. R. Evid. 615(a)-(d). A government investigative agent falls within the second exception, even if the agent is expected to testify; however, only one agent may be exempted from sequestration under this exception. *Farnham*, 791 F.2d at 334 (citing *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983)); *see also United States v. Lovin*, No. 7:06-CR-45-BO-3, 2007 WL 167454, at *2 (E.D.N.C. Jan. 18, 2007) (unpublished) (denying the government's request to exempt from sequestration agents from three different government agencies who jointly conducted the investigation). Accordingly, Defendant's motion to sequester is allowed. All witnesses for both the prosecution and defense, with the exception of one case agent designated by the Government and the parties, shall be sequestered and are prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial.

SO ORDERED, this the 26 day of July 2016.

Robert B. Jones, Jr.
United States Magistrate Judge