IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-324-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| vs. | ) ) | ORDER |
| ARNOLD OGDEN JONES, II, | ) ) ) | |
| Defendant. | ) ) | |

Before the court is the Government's motion to partially seal docket entry 47 with an incorporated memorandum. [DE 51]. Docket entry 47 discusses allegations concerning a law enforcement officer that were found to be unsubstantiated.

Local Criminal Rule 55.2(a) provides that "[a] party desiring to file a document under seal must first file a motion seeking leave in accordance with Section T of the CM/ECF Policy Manual ["Policy Manual"]." The Government's motion substantially complies with Local Rule 55.2(a) and Section T of the Policy Manual in that it specifies (1) the exact document or item, or portions thereof, for which filing under seal is requested; (2) how such request to seal overcomes the common law or the First Amendment presumption to access; (3) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (4) the reasons why alternatives to sealing are inadequate; and (5) whether there is consent to the motion. In particular, the court makes the following findings:

1. The Government requests the sealing of a portion of Section III(A) of docket entry 47 and in particular, "Page 10, following the phrase 'The complaints and results are as follows' through the text preceding the phrase, '<u>B. Pride v. Pierce</u>'" ("Proposed Sealed Material"). *See* Policy Manual, § T(1)(a)(1)(I) [sic].

2. The Proposed Sealed Material overcomes the common law and the First Amendment presumption to access because the content thereof was drawn from personnel records and investigative files maintained by the Office of the Sheriff of Wayne County, which are protected from disclosure absent a court order pursuant to N.C.G.S. §§ 153A-98 and 132-1.4. *Id.* § T(1)(a)(1)(ii).

3. The Proposed Sealed Material contains the names, dates, and other details associated with complaints against a specific law enforcement officer. The complaints against the officer were not substantiated. The privacy interests of the complainants and the law enforcement officer who is the subject of said complaints outweigh the public's interest in disclosure of the Proposed Sealed Material. *Id.* § T(1)(a)(1)(iii).

4. Any alternatives to sealing the Proposed Sealed Material are inadequate. Failure to seal the Proposed Sealed Material in the manner requested by the Government would contravene North Carolina's legitimate interest in protecting the privacy interests of complainants and law enforcement officers. Moreover, the Government's request is narrowly tailored to protect only that material within docket entry 47 that is subject to nondisclosure under the aforementioned state laws. *Id.* § T(1)(a)(1)(iv).

5. Defendant consents to the relief requested. *Id.* § T(1)(a)(1)(v).

For the foregoing reasons, the Government's motion to seal [DE 51] is ALLOWED. The Government is DIRECTED to file the redacted version of docket entry 47 as a publicly-available judicial record on the docket no later than **August 15, 2016**. The Clerk of Court is DIRECTED to seal the document at docket entry 47.

SO ORDERED.

This the 11th day of August, 2016.

JAMES C. FOX
Senior United States District Judge