IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-324-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ARNOLD OGDEN JONES, II, ) | |
| ) | |
| Defendant. ) | |

Before the court is Defendant's Motion to Dismiss the Superseding Indictment for Grand Jury Error pursuant to Rule 12(b)(3). [DE 78]. The Government responded and Defendant replied. [DEs 82-83].

## I. BACKGROUND

On November 3, 2015, a grand jury returned a three-count indictment against Defendant – a North Carolina superior court judge – charging him with bribery of a public official, 18 U.S.C. § 201(b)(1) (count 1), providing an illegal gratuity to a public official, 18 U.S.C. § 201(c)(1)(A) (count 2), and attempted influence of an official proceeding, 18 U.S.C. § 1512(c)(2) (count 3). The charges arise out of Defendant's alleged efforts to solicit, in exchange for payment, the assistance of a Federal Bureau of Investigation ("FBI") task force officer ("TFO") in acquiring and disclosing certain text messages Defendant's wife sent and received in exchange.

On August 23, 2016, a successor grand jury returned a superseding indictment, alleging the same criminal violations as the original indictment. Unlike the original indictment, which included a four-page factual background, the superseding indictment is an elements-only

indictment. According to the Government, the superseding indictment incorporates "a handful of technical revisions" necessitated by the United States Supreme Court's intervening decision in *McDonnell v. United States*, 136 S. Ct. 2355 (2016).[1]

## II. DISCUSSION

Defendant seeks dismissal of the superseding indictment for material error in the "grand-jury proceeding." FED. R. CRIM. P. 12(b)(3)(A)(v). In particular, Defendant claims the Government used the second grand jury as a "mere tool . . . to prepare for trial," and in so doing, abused the grand jury process. Def.'s Mot. Dismiss at 7 [DE 78].

Any time prior to trial, the government may obtain a superseding indictment as long as the government's charging decision is based on "a legitimate, nonvindicative [sic] rationale." *United States v. McCullough*, No. 5:10-CR-223-1F, 2011 U.S. Dist. LEXIS 70152, *5 (E.D.N.C. June 28, 2011) (citation omitted); *accord United States v. Edwards*, 777 F.2d 644, 649 (11th Cir. 1985) (stating "a prosecutor may seek a superseding indictment at any time prior to trial on the merits, so long as the purpose is not to harass the defendant"). The government, however, "is precluded from using the grand jury for the *sole or dominant purpose* of obtaining additional evidence against him." *United States v. Moss*, 756 F.2d 329, 332 (4th Cir. 1985) (emphasis added). In other words, the government cannot use the grand jury "for the primary purpose of strengthening the Government's case on a pending indictment." *United States v. Beasley*, 550 F.2d 261, 266 (5th Cir. 1977). A "presumption of regularity attaches to a grand jury's proceedings" and a defendant bears the burden of demonstrating an abuse of the grand jury process. *Moss*, 756 F.2d at 332; *United States v. Barraza-Lopez*, No. 04-CR-1962-L, 2009 U.S.

---

[1] In *McDonnell*, the Supreme Court addressed the interpretation of the term "official act" for federal bribery crimes. *Id.*, 136 S. Ct. at 2365. As the *McDonnell* opinion does not impact the instant motion, the court forgoes a discussion thereof.

Dist. LEXIS 117863, at *5 (S.D. Cal. Dec. 17, 2009) (stating "a defendant challenging an indictment carries a difficult burden and must demonstrate that the prosecutor engaged in flagrant misconduct that deceived the grand jury or significantly impaired its ability to exercise independent judgment").

The court finds the Government's decision to seek a superseding indictment was based on a legitimate rationale, and in particular, to conform the original charges to the intervening Supreme Court decision in *United States v. McDonnell*. *See, e.g.*, *United States v. Mendoza*, 281 F.3d 712, 714 (8th Cir. 2002) (explaining the government filed a superseding indictment "to conform to the charges of the Supreme Court decision *Apprendi v. New Jersey*, 530 U.S. 466 (2000)"); *United States v. Vu Nguyen*, No. 2:09-CV-2257, 2013 U.S. Dist. LEXIS 7069, at *2 (D. Nev. Jan. 16, 2013) (explaining the government filed a superseding indictment "to conform with *Blakely v. Washington*, 542 U.S. 296 (2004)"). There is simply no evidence of impermissible strengthening – that is, using the fact-finding function of the grand jury to, for example, "discover new information" or "freeze the testimony of a hostile or tentative witness." *United States v. Apperson*, 441 F.3d 1162, 1189 (10th Cir. 2006). In light of intervening Supreme Court authority, the Government was well within its prosecutorial discretion to file the superseding indictment.

Defendant also asserts the fantastical proposition that the superseding indictment is "constitutionally defective" because it was returned by a different grand jury than the one that returned the original indictment. Def.'s Mot. at 8 (alterations omitted). Defendant's argument is based on his belief that the second grand jury "lacked legal authority to modify, amend or supersede the original indictment." Def.'s Reply at 1 [DE 83]. Defendant relies on *Ex parte Bain*, 121 U.S. 1 (1887) for this fatally flawed position.

*Bain* is the seminal case regarding the broadening of an indictment via jury instructions or proof at trial and stands for "the settled rule ... that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." *Russell v. United States*, 369 U.S. 749, 770 (1962) (citing *Bain*, 121 U.S. 1; *United States v. Norris*, 281 U.S. 619 (1930); *Stirone v. United States*, 361 U.S. 212 (1960)); *see Miller*, 471 U.S. at 142-43 (noting "[t]he proposition that a defendant cannot be convicted of an offense different from that which was included in the indictment ... broadly declared in *Bain* ... has been reaffirmed in a number of subsequent cases").[2] In *Bain*, defendant – an officer of a banking association – was charged with making a false report with "intent to deceive the Comptroller of the Currency and the agent appointed to examine the affairs of the association ...." 121 U.S. at 4. The trial court eliminated the reference to the "Comptroller of the Currency" as "surplusage." *Id.* at 5, 9. Noting the historical role of the grand jury in safeguarding citizens from unfounded accusations and oppressive exercises of governmental power, the Court held that the Fifth Amendment forbade trial on the charge as amended. *Id.*

The *Bain* holding supports the "ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him." *Schmuck v. United States*, 489 U.S. 705, 717 (1989); *see Stirone*, 361 U.S. at 217 (stating "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him"). Accordingly, "after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone*, 361 U.S. at 215-16; *see United States v. Miller*, 471 U.S. 130, 143 (1985). Where such an amendment occurs

---

[2] In *Miller*, the Supreme Court overruled *Bain* "[t]o the extent *Bain* stands for the proposition that it constitutes an unconstitutional amendment to drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within it." *Miller*, 471 U.S. at 144.

*United States v. Jones*
No. 5:15-cr-324-F-1
Page 5

outside of grand jury proceedings, it is known as a constructive amendment. *United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994). A constructive amendment "occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." *Floresca*, 38 F.3d at 706; *see Miller*, 471 U.S. at 143.

The prohibition against a constructive amendment derives from the Fifth Amendment to the Constitution of the United States which guarantees that "[n]o person shall be held to answer for a[n] . . . infamous crime, unless on a presentment or indictment of a Grand Jury."[3] U.S. Const. Amend. V; *see United States v. Vosburgh*, 602 F.3d 512, 532 (3d Cir. 2010) ("The rule against constructive amendments arises under the Fifth Amendment, and protects the constitutionally guaranteed role of the grand jury.") (internal quotation marks omitted); *United States v. Patino*, 962 F.2d 263, 265–66 (2d Cir. 1992) ("Constructive amendment of an indictment is a *per se* violation of the grand jury clause of the Fifth Amendment."). No constructive amendment occurred in this case; thus, *Bain* and its progeny have no bearing on Defendant's case.[4]

---

[3] In addition, the prohibition implicates the Sixth Amendment assurance of the right of a defendant "to be informed of the nature and cause of the accusation" against him. U.S. Const. Amend. VI.

[4] The court has not found a Supreme Court or Fourth Circuit case expressly establishing the propriety of the return of a superseding indictment by a successor grand jury. In an unpublished case, the Sixth Circuit deemed as "standard practice" the "accept[ance of] superseding indictments from different grand juries." *United States v. Lacey*, No. 94-1030, 1995 U.S. App. LEXIS 10107, at *11 (6th Cir. May 2, 1995). This characterization is supported by caselaw within and outside the Fourth Circuit, which indicates courts implicitly deem the use of successor grand juries as a proper and standard practice. *See, e.g., United States v. Scott*, No. 10-20235, 2015 U.S. Dist. LEXIS 89504, at *3 (E.D. Mich. July 10, 2015) (second and fourth superseding indictments "were before different juries"); *United States v. Larson*, No. 07CR304S, 2012 U.S. Dist. LEXIS 133250, at *7 (W.D.N.Y. Sept. 18, 2012) (second superseding indictment "rendered by a different [g]rand [j]ury"); *United States v. Maynard*, 615 F.3d 544, 553 (D.C. Cir. 2010) (superseding indictment "returned by a different grand jury").

That factual summaries in numerous criminal cases include the return of superseding indictments by successor grand juries is no surprise given the express authorization by Rule 6 of the Federal Rules of Criminal Procedure of a prosecutor's disclosure of evidence presented to one grand jury to successive grand juries. FED. R.

Upon careful consideration, the court finds that the Government's decision to seek a superseding indictment to account for intervening law is within its prosecutorial discretion and is based on the merits of the case.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Superseding Indictment for Grand Jury Error pursuant to Rule 12(b)(3) [DE 78] is DENIED.

SO ORDERED.

This the 15th day of September, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

CRIM. P. 6(e)(3)(C); *In re United States*, 441 F.3d 44, 63 (1st Cir. 2006) ("stating "the government is free to transfer evidence from one grand jury to a later one"); *Lacey*, 1995 U.S. App. LEXIS 10107, at *12 (stating "it is proper for a subsequent grand jury to use [evidence presented to a prior grand jury] to return a valid superseding indictment").

Moreover, the re-presentment of evidence to a new grand jury is at times necessary to cure prejudice to a defendant caused by an improper indictment. *United States v. Bok*, No. 95-cr-403, 1997 U.S. Dist. LEXIS 3608, at *8 (S.D.N.Y. Mar. 26, 1997); *see e.g.*, *United States v Collins*, 300 F. App'x 663, 666 (11th Cir. 2008) (alleged violation of law before original grand jury cured by re-presentment to new grand jury); *United States v. Valdez*, No. 6:06-60074-07, 2011 U.S. Dist. LEXIS 152740, at *66-67 (W.D. La. Dec. 30, 2011) adopted by No. 06-60074,2012 U.S. Dist. LEXIS 12725 (W.D. La. Jan. 31, 2012) (stating any "alleged defects and/or improprieties [in the original indictment were] cured by the presentation of untainted, factually accurate evidence to a different . . . grand jury"); *United States v. Fisher*, 692 F. Supp. 495, 500 (E.D. Pa. 1988) (second superseding indictment cured any prejudice to defendant).