IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-324-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ARNOLD OGDEN JONES, II, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is Defendant's motion to dismiss the superseding indictment for failure to state an offense pursuant to Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure. [DE 77]. The Government responded and Defendant replied. [DEs 84-85].

## I. BACKGROUND

On November 3, 2015, a grand jury returned a three-count indictment against Defendant – a North Carolina superior court judge – charging him with bribery of a public official, 18 U.S.C. § 201(b)(1) (count 1), providing an illegal gratuity to a public official, 18 U.S.C. § 201(c)(1)(A) (count 2), and attempted influence of an official proceeding, 18 U.S.C. § 1512(c)(2) (count 3). The charges arise out of Defendant's alleged efforts to solicit, in exchange for payment, the assistance of a Federal Bureau of Investigation ("FBI") task force officer ("TFO") in acquiring and disclosing certain text messages sent and received by Defendant's wife.

On August 23, 2016, a successor grand jury returned a superseding indictment, alleging the same criminal violations as the original indictment. Unlike the original indictment, which included a four-page factual background, the superseding indictment is an elements-only

indictment. According to the Government, the superseding indictment incorporates "a handful of technical revisions" in light of the United States Supreme Court's intervening decision in *McDonnell v. United States*, 136 S. Ct. 2355 (2016).

## II. STANDARD OF REVIEW

To warrant dismissal under Rule 12(b)(3)(B)(v), a defendant must "demonstrate that the allegations therein, even if true, would not state an offense."[1] *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004). Rule 7 of the Federal Rules of Criminal Procedure provides "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). The court must accept all allegations in the indictment as true and should regard the indictment in a "practical," rather than "purely technical," manner. *United States v. Matzkin*, 14 F.3d 1014, 1019 (4th Cir. 1994); *see United States v. Terry*, 257 F.3d 366, 371 (4th Cir. 2001) (King, J., concurring) ("It is elementary that a motion to dismiss [a count of the] indictment implicates only the legal sufficiency of its allegations, not the proof offered by the Government."). Dismissal under Rule 12(b)(3) may not be predicated upon the insufficiency of the evidence to prove the indictment's charges. *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence.").

## III. DISCUSSION

Defendant seeks dismissal of the superseding indictment for failure to state an offense. FED. R. CRIM. P. 12(b)(3)(B)(v). Defendant argues both count one and count two fail to allege an

---

[1] The Sixth Amendment guarantees the right to be informed of the nature and cause of the offense. The notice requirement of the Sixth Amendment is implemented by Rule 7(c)(1) of the Federal Rules of Criminal Procedure.

"official act" under the federal bribery statute, 18 U.S.C. § 201, as interpreted by *McDonnell*. Def.'s Mot. Dismiss at 4. As for count three – violation of 18 U.S.C. § 1512(c)(2) – Defendant avers it fails to allege corrupt conduct. *Id*. at 9. Defendant argues further that the statute is "unconstitutional as applied and/or on its face." *Id*. at 4.

A. **The superseding indictment is legally sufficient to state the charges of payment of a bribe and an illegal gratuity to a public official.**

Counts one and two charge Defendant with payment of a bribe and an illegal gratuity to a public official, and in particular, an unidentified Federal Bureau of Investigation ("FBI") task force officer ("TFO").[2] Specifically, count one charges Defendant with, directly and indirectly, corruptly giving, offering and promising "cases of beer and $100.00 cash" and giving $100.00 cash to the TFO with the intent to influence certain official acts. In count two, the Government alleges Defendant, "otherwise than as provided by law for the proper discharge of his official duties, directly and indirectly," gave, offered and promised "cases of beer and $100.00 cash" to the TFO "for and because of official acts . . . performed and to be performed by" the TFO. According to the superseding indictment, the TFO used his "official criminal investigative powers" to (1) "direct Verizon to produce [Defendant's] wife's text messages" to the TFO; and (2) "disclose [Defendant's] wife's text messages to [Defendant], which were not accessible by

---

[2] The federal bribery statute defines a public official as, *inter alia*, "an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof . . . in any official function, under or by authority of any such department, agency, or branch of Government." 18 U.S.C. § 201(a)(1).

A TFO for the FBI qualifies as a "public official" under the federal bribery statute. 21 U.S.C. § 878 (addressing the use of local law enforcement by federal agencies); 28 USCS § 566(c) (authorizing the United States Marshals Service to "command all necessary assistance to execute its duties"); 28 C.F.R. § 0.112 (authorizing deputation of local law enforcement by the United States Marshals Service); *see West v. City of Mesa*, No. CV-12-00657-PHX-DGC, 2015 U.S. Dist. LEXIS 56162, at *8 (D. Ariz. Apr. 29, 2015) ("Courts have consistently treated local law enforcement agents deputized as federal agents and acting as part of a federal task force as federal agents." (quoting *Colorado v. Nord*, 377 F. Supp. 2d 945, 949 (D. Colo. 2005))); *Pettiford v. City of Greensboro*, 556 F. Supp. 2d 512, 534 (M.D.N.C. 2008) (noting the Intergovernmental Personnel Act of 1970, 5 USC. §§ 3371-76 "sets forth procedures by which local law enforcement officers may be deputized as federal agents 'for work of mutual concern to . . . [the federal] agency and the State or local government'" (quoting 5 U.S.C.§ § 3372(a)(2))).

[Defendant] as a private citizen.

The superseding indictment is brief and light on supporting facts, in contrast with the considerable detail included in the original indictment. That said, counts one and two adequately track the statutory language of 18 U.S.C. § 201(b)[3] and 18 U.S.C. § 201(c)(1)(A),[4] respectively. *See United States v. Wicks*, 187 F.3d 426 (4th Cir. 1999) (stating an indictment is generally sufficient if "it alleges an offense in the words of the statute, assuming those words 'fully, directly, and expressly, *without any uncertainty or ambiguity*, set forth all the elements necessary to constitute the offence" (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974))). In arguing the alleged official acts "fail to identify . . . a governmental decision-making process and are therefore defective," Defendant suggests the superseding indictment does not fully set forth the "official act" element. Def.'s Mot. at 7.

1.  Clarification of "official act" – *McDonnell v. United States*, 136 S. Ct. 2355 (2016)

In *McDonnell*, the Supreme Court considered the "proper interpretation" of an "official act" under the federal bribery statute. In that case, the government indicted former Virginia Governor Robert McDonnell and his wife on bribery charges related to their acceptance of $175,000 in "loans, gifts, and other benefits" from Jonnie Williams, the chief executive officer ("CEO") of a company that developed nutritional supplements. *McDonnell*, 136 S. Ct. at 2361. Charges against McDonnell included honest services wire fraud under 18 U.S.C. § 1343. *McDonnell*, 136 S. Ct. at 2365. Based on Supreme Court precedent construing that offense as

---

[3] 18 U.S.C. § 201(b) provides a person commits the offense of bribery if he, *inter alia*, "directly or indirectly, corruptly gives, offers or promises anything of value to any public official . . . or offers or promises any public official . . . to give anything of value to any other person or entity, with intent . . . to influence any official act."

[4] 18 U.S.C. § 201(c)(1)(A) provides a person commits the offense of giving an illegal gratuity if he "otherwise than as provided by law for the proper discharge of official duty . . . directly or indirectly gives, offers, or promises anything of value to any public official . . . for or because of any official act performed or to be performed by such public official."

including the acceptance of bribes, the parties agreed to "define honest services fraud with reference to the federal bribery statute, 18 U.S.C. § 201." *Id.*

Accordingly, pursuant to § 201(a)(3), the government was required to prove that McDonnell committed (or agreed to commit) an "official act" in exchange for the benefits from Williams. Under that statute, an official act is "any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit." 18 U.S.C. § 201(a)(3). The government alleged that Williams bribed McDonnell in exchange for "at least five" official acts: (1) the arranging of meetings with state officials regarding Anatabloc (an anatabine-based dietary supplement),[5] a nutritional supplement; (2) hosting and attending events at the Governor's Mansion to initiate studies of Anatabloc; (3) contacting officials with the Governor's Office as part of an effort to encourage the Virginia state universities to initiate a study of Anatabloc; (4) allowing Williams to invite individuals with relationships to his company to exclusive events at the Governor's Mansion; and (5) recommending government officials meet with Williams' company to discuss the possible coverage of Anatabloc under a state employee health insurance. *Id.* at 2365-66. Following conviction and an unsuccessful appeal to the Fourth Circuit, McDonnell appealed to the Supreme Court.

Relevant here, McDonnell argued the government's definition of "official acts" was overly broad and the Court agreed. In reviewing the "official acts" definition, the Court observed it consists of two requirements: (1) identification of a "'question, matter, cause, suit, proceeding or controversy' that 'may at any time be pending' or 'may by law be brought' before a[ny] public

---

[5] *See United States v. McDonnell*, 792 F.3d 478, 487 (4th Cir. 2015) *overruled by* 136 S. Ct. 2355 (2016).

official;" and (2) proof "the public official made a decision or took an action 'on' that question, matter, cause, suit, proceeding, or controversy, or agreed to do so." *Id.* at 2368. The Court interpreted "question, matter, cause, suit, proceeding or controversy" to "connote," "refer," or "involve" a "formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee." *Id.* at 2368-69. The Court interpreted "pending" and "may by law be brought" to indicate a matter that is "relatively circumscribed – the kind of thing that can be put on an agenda, tracked for progress, and then checked off as complete." The Court interpreted "may by law be brought" as conveying "something within the specific duties of an official's position – the function conferred by the authority of his office." *Id.* at 2369. Finally, the Court stated "'any' conveys . . . the matter may be pending either before the public official who is performing the official act, or before another public official." *Id.*

Applying the first requirement to the facts before it, the Court stated a "typical meeting, call, or event is not itself a question or matter."[6] As such, explained the Court, "the next step" required "determin[ing] whether arranging a meeting, contacting another official, or hosting an event may qualify as a 'decision or action' *on* a different question[,] . . . matter, [cause, suit, proceeding or controversy]." *Id.* at 2368-69 (alterations added). The Court identified the following as constituting a "different question or matter" under § 201(a)(3): (1) "whether researchers at any of Virginia's state universities would initiate a study of Anatabloc;" (2) "whether the state-created Tobacco Indemnification and Community Revitalization Commission would allocate grant money for the study of anatabine;" and (3) "whether the health

---

[6] In particular, the Court found that a "typical meeting, call, or event arranged by a public official is not of the same stripe as a lawsuit before a court, a determination before an agency, or a hearing before a committee." *McDonnell*, 136 S. Ct. at 2369.

insurance plan for state employees in Virginia would include Anatabloc as a covered drug."[7] *Id.* at 2370.

The Court then considered the second requirement – whether the government proved action by McDonnell on these three "questions or matters." *Id.* That is, whether McDonnell's hosting of events, meeting with other officials or speaking with interested parties qualified as a "decision or action on" the pending questions of whether to initiate a study, allocate grant money or alter the coverage of the state employee health insurance plan." *Id.* at 2359, 2370. In finding such acts did not so qualify, the Court explained an agreement (explicit or implicit) to initiate a research study, allocate grant money or alter the health insurance plan was required. Such an agreement could be made by (1) McDonnell, (2) another official upon McDonnell's advice, where McDonnell used his position as Governor to provide said advice "knowing or intending that such advice" would be acted upon, or (3) another official who made the agreement due to McDonnell using his position as Governor to exert pressure on that official. *Id.* at 2370-72. The Court emphasized that a finding of intent on the part of the public official is not required, "so long as he agrees" to perform the official act. *Id.* at 2371. Moreover, the public official "need not specify the means that he will use to perform his end of the bargain."

In sum, for an act by a public official to qualify as an "official act" under the federal bribery statute:

(1) It must "connote," "refer," or "involve" a "focused and concrete . . . formal exercise of governmental power" that is pending before the public official performing the act, or before another public official, or is "within the specific duties of an official's position" (the "identification" requirement); and

---

[7] In finding these **different** matters qualified as "questions or matters under § 201(a)(3)," the Court explained "[e]ach is focused and concrete, and each involves a formal exercise of governmental power that is similar in nature to a lawsuit, administrative determination, or hearing." *Id.* at 2370.

  (2) The public official must make a decision or take action on that act or agree to do so (the "performance" requirement)

  In evaluating the performance requirement, it is not necessary that the public official intend to perform the act. Rather, he must merely agree (explicitly or implicitly) to do so. Also, a different official may actually perform the act so long as the public official used his official position to either exert pressure on the other official or provide advice to that official, "knowing or intending that such advice will form the basis for an official act." *Id.* at 2370.

  2. <u>The Government adequately alleges official acts in the superseding indictment within the meaning of 18 U.S.C. § 201, as interpreted by *McDonnell*.</u>

  The court finds the superseding indictment sets forth two "questions or matters": (1) whether to use official law enforcement authority to cause Verizon to produce text messages belonging to Defendant's wife; and (2) whether to use official law enforcement authority and discretion to disclose Defendant's wife's text messages to Defendant in his capacity as a private citizen. The court next considers whether these "questions or matters" qualify as official acts under § 201.

  a. *Identification requirement*

  The court finds these alleged "questions or matters" satisfy the identification requirement. First, both involve a "focused and concrete formal exercise of governmental power." In particular, both are governed by the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2712. *See* 18 U.S.C. § 2703(a)-(b), (d) (describing when and how a "governmental entity" may require a service provider to disclose the contents of a wire or electronic communication"); 18 USCS § 2707(g) (proscribing disclosure of records obtained under the SCA).

  Second, obtaining text messages and then disclosing them to a third-party falls squarely within the specific duties of a TFO for the FBI. The FBI qualifies as a "governmental entity"

under the SCA, which is defined in relevant part as a "department or agency of the United States." 18 U.S.C. § 2711(4). The FBI possesses the authority to "enforce the laws of the United States." 28 U.S.C. § 540C(b)(4)(ii). This authority necessarily includes the initiation of an investigation based upon the evidence of criminal conduct. Where relevant, such investigation may include "lawfully acquir[ing] many different types of data from . . . cell phones, [including] . . . the contents of conversations between two people." *United States v. Myles*, No. 5:15-CR-172-F-2, 2016 U.S. Dist. LEXIS 55328, at *13 (E.D.N.C. Apr. 25, 2016) (explaining under the SCA, a law enforcement official may, upon the proper showing, direct the production of stored communications in the hands of third-party service providers). Moreover, under the SCA, the FBI possesses authority to disclose such content. 18 U.S.C. § 2707(g). The disclosure of this content, however, should only be "made in the *proper* performance of the official functions of the [law enforcement] officer . . . making the disclosure." 18 U.S.C. § 2707(g) (emphasis added). A law enforcement officer's failure to properly perform his official functions subjects him to the mandatory commencement of a disciplinary proceeding. 18 U.S.C. § 2712(c).

b.  *Performance requirement*

As for the performance requirement, the Government does not allege that the TFO actually directed Verizon to produce the requested communications. Nor does the Government allege the actual disclosure of the text messages by the TFO to Defendant. Moreover, the superseding indictment contains no allegation of an express agreement to perform these "questions or matters." The superseding indictment does include, however, the allegation that Defendant "did, in fact, give the [TFO] $100.00 in cash." This allegation indicates the TFO implicitly agreed to direct Verizon to produce the requested stored communications to the TFO and to disclose the contents of Defendant's wife's text messages to Defendant.

In sum, the court finds the superseding indictment states an offense as to counts one and two, as both counts adequately track the relevant statutory language and the superseding indictment sufficiently pleads the "official acts" at issue.

B. **Count three of the superseding indictment is not unconstitutionally vague as applied.**

Defendant argues count three – violation of 18 U.S.C. § 1512(c)(2) – fails to state an offense because it does not identify any corrupt conduct. Defendant argues further that 18 U.S.C. § 1512(c) is void for vagueness on its face and as applied in violation of the Fifth Amendment's due process clause.

Title 18, United States Code, Section 1512(c)(2) provides, in relevant part, that "[w]hoever corruptly . . . influences . . . any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years or both." For purposes of § 1512, an "official proceeding" is defined in relevant part as "a proceeding before a . . . United States magistrate [judge]." 18 U.S.C. § 1515(a)(1)(A).[8] The superseding indictment adequately tracks the statutory language. In particular, it alleges

> [b]eginning on or about October 10, 2015, and continuing to October 28, 2015, in the Eastern District of North Carolina . . . [Defendant] did corruptly attempt to influence an official proceeding, as that term is defined in Title 18, United States Code, Section 1515(a)(1), that is, a proceeding before a federal magistrate judge on October 28, 2015 to cause Verizon to disclose [Defendant's] wife's text messages to an FBI Officer.

Defendant argues the statute as applied to his conduct – that is, attempting "to cause the federal magistrate to compel Verizon to produce [Defendant's] wife's text messages to the [TFO], whereas [Defendant] well knew that that [sic] the text messages were for his personal use" – is unconstitutionally vague. Def.'s Mot. at 9. According to Defendant, count three "attempts to

---

[8] The "proceeding need not be pending or about to be instituted at the time of the offense." 18 U.S.C. § 1512(f)(1).

criminalize innocent behavior." *Id.* at 14. In defending his position, Defendant opines that

> every person has a personal interest in the outcome of any proceeding in which they [sic] are involved, directly (or as alleged here indirectly), and they hope that their representatives will influence the outcome of that proceeding in their favor. Thus, simply having a personal interest in the outcome of a proceeding, and hoping that someone will represent those interests before a court, cannot constitute "corruptly influencing" an official proceeding, because this is innocent behavior that ordinary people would not know could constitute a crime.

*Id.* at 8-9.

In order to comply with the requirements of due process, a statute must give fair warning of the prohibited conduct. *Bouie v. City of Columbia*, 378 U.S. 347, 351 (1964). A statute is unconstitutionally vague under the due process clause if it (1) "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits;" or (2) "authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). Where, as here, a statute does not involve rights guaranteed by the First Amendment,[9] "vagueness challenges . . . must be examined in the light of the facts of the case at hand." *United States v. Powell*, 423 U.S. 87, 92 (1975). Thus, while a statute may be unconstitutionally vague as to certain conduct, the same may not be true of other types of conduct that fall under the statute. In other words, Defendants must establish that § 1512(c) is unconstitutionally vague **as applied** to the misconduct alleged in the superseding indictment. *See United States v. Moyer*, 674 F.3d 192, 211 (3d Cir. 2012) ("In criminal cases, because vagueness attacks are based on lack of notice, they may be overcome *in any specific case* where

---

[9] *See United States v. National Dairy Products Corp.*, 372 U.S. 29, 36 (1963) (explaining "in cases arising under the First Amendment" courts "are concerned with the vagueness of the statute 'on its face' because such vagueness may in itself deter constitutionally protected and socially desirable conduct."). No such factor is present where the statute – as here – is directed at conduct designed to wrongfully influence a proceeding before a court, Congress, a federal agency or "a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official." 18 U.S.C. § 1515(a).

reasonable persons would know their conduct puts [them] at risk of punishment under the statute.") (emphasis added; citation omitted).

Although the statute does not define "corrupt,"[10] the plain and ordinary meaning of that term is "[p]erverted from uprightness and fidelity in the discharge of duty; influenced by bribery or the like; venal."[11] OED Online, September 2016, Oxford University Press, http://www.oed.com (last visited September 19, 2016); Black's Law Dictionary (10th ed. 2014) (defining "corrupt" as "[h]aving unlawful or depraved motives; given to dishonest practices, such as bribery"). That same dictionary defines the adverb "corruptly" as "[i]n a corrupt or depraved manner; pervertedly; by means of corruption or bribery." *Id.*; *see* Black's Law Dictionary (10th ed. 2014) ("As used in criminal-law statutes, corruptly usu[ally] indicates a wrongful desire for pecuniary gain or other advantage.").

Here, the court finds the superseding indictment sufficiently alleges cognizable conduct under § 1512(c), and in particular, attempting to cause a federal magistrate judge to compel a phone company to produce a subscriber's text messages to a law enforcement officer for which no law enforcement basis exists. Such action by a federal magistrate judge would constitute an improper discharge of his or her duties. *See Myles*, 2016 U.S. Dist. LEXIS 55328, at 17-18 (explaining the standards law enforcement officers must meet for obtaining cell site information). The court finds also that there is no question that a person of "ordinary intelligence" would have fair warning that such an attempt violates the law. *United States v. McFadden*, 753 F.3d 432, 439 (4th Cir. 2014), *vacated and remanded on other grounds*, 135 S.

---

[10] *See* 18 U.S.C. § 1515 (providing certain definitions for terms used in § 1512).

[11] *See United States v. Alvarez-Sanchez*, 511 U.S. 350, 357 (1994) (noting where a statutory term "is not defined in the statute," courts "must construe the term in accordance with its ordinary or natural meaning").

Ct. 1039 (2015) (explaining the vagueness inquiry "generally requires an examination of what a person of 'common intelligence' would reasonably understand the statute to prohibit, rather than what a particular defendant understood the statute to mean" (citing *United States v. Washam*, 312 F.3d 926, 930 (8th Cir. 2002))). Therefore, because a person of ordinary intelligence would understand that the statute proscribes Defendant's alleged conduct in this case, it is not unconstitutionally vague.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the superseding indictment for failure to state an offense [DE 77] is DENIED.

SO ORDERED.

This the 19th day of September, 2016.

**JAMES C. FOX**
Senior United States District Judge