IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00324-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | ORDER |
| | ) | |
| ARNOLD OGDEN JONES, II | ) | |
| | ) | |

This matter is before the court on the Defendant's Motion to Seal [DE-110].

When deciding a motion to seal, the court must consider the public's right to access the proposed sealed documents, must determine whether that right springs from the First Amendment or the common law, and must apply the standard dictated by the source of the right. *See Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 254-55 (4th Cir. 1988). Before such a right of access can exist, however, the document must qualify as a "judicial record." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D),* 707 F.3d 283, 290 (4th Cir. 2013). A document qualifies as a judicial record if it "play[s] a role in the adjudicative process, or adjudicate[s] substantive rights." *Id.*

Here, the proposed sealed document is not submitted to the court in furtherance of any current request or motion. The court is being asked to take no action, and the document in question is not meant to aid the court in the adjudication of any substantive right at this time. Thus, the court finds that the proposed sealed document filed at Docket Entry No. 110 is not a "judicial record" as that term is defined for purposes of a motion to seal. Accordingly, the document is subject to neither the First Amendment nor the common law presumption of access.

Disclosure of this information may be unduly prejudicial to the parties. For good cause shown, the Defendant's Motion to Seal [DE-110] is ALLOWED. The Clerk of Court is DIRECTED to maintain the document at Docket Entry No. 110 under seal until further instruction by this court.

SO ORDERED.

This the _17_ day of October, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge