IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-324-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ARNOLD OGDEN JONES, II, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is the Government's oral motion for an order prohibiting Defendant from commenting on or making arguments before the jury regarding the Government's prosecutorial and charging decisions. This Order serves to memorialize and supplement the court's oral ruling allowing the motion.

On October 18, 2016, prior to commencement of the Government's case, the court addressed preliminary matters raised by the Government. Relevant here, the Government raised concerns regarding certain remarks made by defense counsel, Joseph Cheshire, during his opening statement to the jury. The following excerpt from Mr. Cheshire's opening statement includes the relevant remarks, which appear in italics:

> As I said to you before, Agent Lee already knew who Judge Jones was. He called his supervisor in Charlotte on that same day and the *federal prosecutor, Mr. Will Gilmore, without any more* – he told them that simple fact and the case was authorized by the FBI superiors verbally and *Assistant United States Attorney Gilmore who is prosecuting this case with Mr. Hulbig, without any more facts than what you will hear that Agent Miller told Agent Lee,* said to Agent Lee that he would charge Judge Jones with bribery.
>
> In other words, on one telephone call from one deputy sheriff, Agent Miller to Agent Lee, *without more, they already decided before they started their investigation that they were going to charge Judge Jones with bribery.*

It's a fact that you should not forget. It's a fact that you should think of as we go through this entire case that you will listen to.

. . .

He called his Charlotte supervisors and got them to verbally tell him to go forward. He called Mr. Gilmore. Now, remember, the only evidence we have now, the only evidence that exists at this point is Mr. Miller saying what he said in the telephone call to Mr. Lee.

*Mr. Gilmore, you will see, based on that, an Assistant United States Attorney*, a good friend of mine and a good lawyer, *made a decision*, it's in writing, and you will see it, *that he was going to charge Judge Jones with offering a bribe, on nothing more than that.*

You will find that the *entire federal law enforcement bureaucracy was now moving toward Judge Jones with a predisposed investigation that was designed to prove their predisposition* as opposed to truth.

Tr. at 33:25, 34:1-15, 39:22-25, 40:1-10 (emphasis added).[1]

The court finds in making the above italicized remarks, Mr. Cheshire violated the court's October 3, 2016 (the "Entrapment Order"). [DE 105]. In particular, these remarks constitute jury nullification evidence and insinuate wrongdoing on the part of the Government and Assistant United States Attorney William Gilmore in particular.[2] Comment or argument regarding the Government's charging decisions is not only irrelevant to the charges against Defendant but creates a substantial risk of unfair prejudice to the United States and confusion of the issues. In particular, such argument or comments may cause the jury to improperly render a verdict on its evaluation of the propriety of the Government's charging decisions rather than the facts and the law. Moreover, the remarks regarding Mr. Gilmore directly call into question his

---

[1] On October 18, 2016, the court provided the parties copies of a draft transcript of the October 17, 2016 opening statements.

[2] In the Entrapment Order, the court, *inter alia*, allowed the Government's motion for exclusion of nullification evidence and prohibited Defendant from introducing any argument, evidence, testimony, insinuation, reference or assertion that the Government "'intentionally setup up' Defendant" or "initiated a 'sting operation.'" [DE 105 at 12].

objective as the lead prosecutor in this matter.

For the foregoing reasons, the Government's oral motion is ALLOWED. Defendant shall not elicit testimony, comment on, or make arguments before the jury regarding the Government's prosecutorial and charging decisions, including, but not limited to, the Government's decision of whether and when to charge Defendant. As stated in the Entrapment Order, the court will instruct the jury that the affirmative defense of entrapment does not exist in this case.

SO ORDERED.

This the 19th day of October 2016.

*/s/ James C. Fox*
**JAMES C. FOX**
Senior United States District Judge