UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-324-F

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARNOLD OGDEN JONES, II | MOTION FOR NEW TRIAL<br>AND<br>INCORPORATED<br>MEMORANDUM OF LAW<br><br><u>Fed. R. Crim. P. 33</u> |

Defendant Arnold O. Jones, II, through counsel and pursuant to Fed. R. Crim. P. 33, respectfully submits this Motion for a New Trial on all counts and Incorporated Memorandum of Law.

## I. INTRODUCTION

On October 21, 2016, a jury convicted Mr. Jones on the three counts in the Superseding Indictment. Not only is the verdict based on legally insufficient evidence, but it is also predicated on errors that deprived Mr. Jones of a fair trial. Without waiving any other arguments that he has preserved, Mr. Jones requests that the Court vacate the jury's verdict and grant a new trial for the following four reasons:

- *First*, Mr. Jones was deprived of his right to confront witnesses and challenge the government's proof because the Court prohibited Mr. Jones from cross-examining the government's key witness, Deputy Miller, on his bias and motives.

- *Second*, Mr. Jones was deprived of his right to put on a defense due to the Court's Order of October 19, 2016, which prohibited the Defendant from challenging an essential element of the offenses.

- *Third*, a new trial is required based on statements by the Court to counsel for Mr. Jones, which were made in the presence of the jury.

- *Fourth*, a new trial is an appropriate alternative remedy for the legal errors raised in Mr. Jones' Rule 29(c) Motion for Judgment of Acquittal.

## II. NATURE OF THE MATTER BEFORE THE COURT

On October 21, 2016, the jury returned verdicts against Mr. Jones on Counts One, Two, and Three of the Superseding Indictment. This Motion for a New Trial is made under Rule of Criminal Procedure 33.

## III. FACTS

The facts pertinent to this motion are on the record and discussed below.

## IV. ARGUMENT

Under Rule of Criminal Procedure 33(a), "the court may vacate any judgment and grant a new trial if the interest of justice so requires." A collection of errors that individually are harmless collectively may be so grave as to require a new trial. 3 Charles Wright, et al., Fed. Practice & Procedure § 581 (4th ed. 2014). If the Court declines to grant Mr. Jones' Motion for Judgment of Acquittal under Rule 29(c), it should, in the alternative, grant a new trial on all counts under Rule 33 for the reasons discussed below.

**A. Mr. Jones was deprived of his right to confront witnesses and challenge the government's proof because the Court prohibited Mr. Jones from cross-examining the government's key witness, Deputy Miller, on his bias and motives.**

> It is the essence of a fair trial that reasonable latitude be given the cross-examiner. . . . Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them.

*Smith v. State of Illinois*, 390 U.S. 129, 132 (1968) (internal quotation marks omitted).

For example, in *Delaware v. Van Arsdall*, 475 U.S. 673, 678–79 (1986), the Supreme Court reversed a conviction because the court refused to allow defense

counsel to cross-examine a prosecution witness about an agreement that he had made to speak with the prosecutor about the murder in question in exchange for the dismissal of an unrelated criminal charge against the witness. The Court held that, "[b]y cutting off all questioning about an event that the State conceded had taken place and that a jury might reasonably have found furnished the witness a motive for favoring the prosecution in his testimony, the court's ruling violated [defendant]'s rights secured by the Confrontation Clause." *Id.* at 679. In addressing whether the error was prejudicial, the Court held, "a criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.'" *Id.* at 680 (quoting *Davis v. Alaska*, 415 U.S. 308, 318 (1974)).

Here, at the request of the government, the Court prohibited Mr. Jones from cross-examining Deputy Miller, the government's key witness, on numerous "event[s] that the [Government] conceded had taken place and that a jury might reasonably have found furnished the witness a motive for favoring the prosecution in his testimony." *Id.* at 679. Specifically, the Court prohibited Mr. Jones from asking Deputy Miller about (1) the fact that he had faced numerous internal affairs complaints for serious mistreatment of citizens; (2) the fact that a federal civil rights lawsuit against Deputy Miller was currently pending; (3) the fact that charges against a defendant for resisting arrest and assault on Deputy Miller were dismissed

3

because the state prosecutor determined that conviction was unlikely; (4) the fact that Mr. Jones (in his capacity as a judge) found the warrant in the Slaughter Street Shootings cases (*State v. Austin* and *State v. Braswell*) to be an illegal warrant; and (5) the fact that Mr. Jones was the judge in *State v. Planty*, a case in which Deputy Miller was involved, and as the judge, Mr. Jones stated on the record that if the state had not voluntarily dismissed the case based on the officers' withholding evidence, "a law enforcement officer may have gone to jail." *See* DE 127 (Sealed Offer of Proof).

Each of these events individually establish bias and motive on the part of Deputy Miller to favor the prosecution and otherwise skew the investigation. Due to these restrictions on cross-examination, the jury was left with the impression that Deputy Miller had no bias against Mr. Jones nor any motive to ensure that Mr. Jones was charged with offenses, whereas, if the jury had been exposed to the true facts, it likely would have inferred the opposite—that is: that Deputy Miller had numerous, substantial reasons to attempt to skew the investigation to ensure that it resulted in charges being brought against Mr. Jones.

Since these rulings "prohibited [Mr. Jones] from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness,'" Mr. Jones' Confrontation Clause rights were violated and a new trial is required. *Van Arsdall*, 475 U.S. at 680 (quoting *Davis*, 415 U.S. at 318).

**B. Mr. Jones was deprived of his right to put on a defense due to the Court's Order of October 19, 2016, which prohibited Mr. Jones from challenging an element of Counts One and Two.**

During the trial, at the request of the government, the Court entered at Docket Entry 124 an Order "prohibiting the Defendant from introducing evidence or making arguments before the jury suggesting that Federal Task Force Officer Matthew Miller was not or could not be a 'public official' after he was designated as a confidential human source (CHS) by the Federal Bureau of Investigation (FBI)." This Order, on its face, prohibited Mr. Jones from challenging an essential element of Counts One and Two, despite that the Order simultaneously found that it is "in the province of the jury to . . . determine whether the Federal Task Force Officer was a 'public official' as required by law." In other words, this Order establishes that the question of whether Mr. Miller was a "public official" was an element for the jury to decide, but simultaneously prohibited Mr. Jones from introducing evidence or making arguments before the jury contesting the government's proof on that element. "[B]arring a defendant from presenting all evidence in support of a cognizable defense, or from challenging an element of the crime, is structural error." *United States v. Smith-Baltiher*, 424 F.3d 913, 922 (9th Cir. 2005). Therefore, a new trial is required.

**C. A new trial is required based on the Court's statements to counsel for the Defendant, which were made in the presence and within earshot of the jury.**

At a bench conference while the jury was in the courtroom, the Court stated, loud enough for the jury to hear, that, due to a matter that occurred long before the

beginning of the instant case, the Court did not trust counsel for Mr. Jones.[1]  This statement was highly prejudicial to Mr. Jones and requires a new trial because it constituted a comment by the judge regarding the credibility and trustworthiness of Mr. Jones' lead lawyer and suggested to the jury that it should consider the government lawyers more reliable, credible, and trustworthy than counsel for Defendant.  Moreover, the Court's attempted curative instruction did not address the lack of trust and corresponding favoritism the Court expressed, but instead indicated that defense counsel had violated some rule of evidence or procedure—thereby compounding the prejudice of the comment.

When "a trial judge . . . interject[s] himself into the trial, the manner in which he does so is crucial. . . .  [A]n objective demeanor is important. Outright bias or belittling of counsel is ordinarily reversible error."  *United States v. Hickman*, 592 F.2d 931, 933 (6th Cir. 1979).  Moreover, "[j]udicial comments in the presence of the jury are subject to special scrutiny because of the recognized fact that 'the influence of the trial judge on the jury is necessarily and properly of great weight, and that his lightest word or intimation is received with deference, and may prove controlling.'"  *United States v. Dellinger*, 472 F.2d 340, 386 (7th Cir. 1972), cert. denied, 410 U.S. 970 (1973) (quoting *Offutt v. United States*, 348 U.S. 11, 17 (1954)).  "Cautionary

---

[1] The Court's statement referenced a matter that occurred 22 years ago (*United States v. Sloan*, 36 F.3d 386 (1994)), in which defense counsel appealed a ruling by the Court, which resulted in the Fourth Circuit reversing the Court's ruling.  During the instant trial, Defendant moved for recusal/disqualification of the Court based on the Court's statement.  Defendant does not seek to rehash those arguments in this motion, which were considered and denied by the Court—and are therefore preserved for appeal.  Instead, Defendant raises the matter due to the prejudicial impact that the statement had on the jury.

instructions do not cure a comment 'of a sort most likely to remain firmly lodged in the memory of the jury and to excite a prejudice which would preclude a fair and dispassionate consideration of the evidence.'" *Id.* (quoting *Quercia v. United States*, 289 U.S. 466, 472 (1933)). "Most significant" are "remarks in the presence of the jury, deprecatory of defense counsel," including statements "implying [or] saying outright that defense counsel [i]s . . . untrustworthy . . . ." *Id.* at 387.

The statement at issue here was not a mere implication; it was an outright comment on the Court's perception of the untrustworthiness of the Defendant's lead lawyer, which was made in the presence of the jury. Such a comment from the judge, whose "lightest word or intimation is received with deference, and may prove controlling," *Offutt*, 348 U.S. at 17, was "of a sort most likely to remain firmly lodged in the memory of the jury and to excite a prejudice which would preclude a fair and dispassionate consideration of the evidence," *Quercia*, 289 U.S. at 472. Thus, a new trial is required.

### D. A new trial is an appropriate alternative remedy for the legal issues raised in Mr. Jones' Rule 29(c) Motion for Judgment of Acquittal.

Unlike under Rule 29, under Rule 33, the Court is not constrained by the requirement that it view evidence in light most favorable to the government and may grant a new trial if the evidence weighs against a finding of guilt. *United States v. Arrington*, 757 F.2d 1484, 1485, 1486 n. \* (4th Cir. 1985). For the reasons stated in Defendant's Motion for Judgment of Acquittal—which will be supplemented with additional briefing, as ordered by the Court, and are incorporated by reference herein—the Court should grant the alternative remedy of a new trial on all counts.

7

## V. CONCLUSION

The foregoing reasons individually and collectively establish that a new trial is required under Rule 33. Therefore, the Defendant requests, as an alternative to his Motion for Judgment of Acquittal, that the Court grant a new trial on all counts.

Respectfully submitted, this the 3rd day of November, 2016.

| CHESHIRE PARKER SCHNEIDER & BRYAN, PLLC | HAITHCOCK, BARFIELD, HULSE & KINSEY, PLLC |
|---|---|
| /s/ Joseph B. Cheshire, V<br>Joseph B. Cheshire, V<br>N.C. State Bar # 5543<br>Joe.Cheshire@cheshirepark.com | /s/ Glenn A. Barfield<br>Glenn A. Barfield<br>N.C. State Bar # 13770<br>barfield@hbhklaw.com |
| /s/ Elliot S. Abrams<br>Elliot S. Abrams<br>N.C. State Bar # 42639<br>elliot.abrams@cheshirepark.com | /s/ Brian Geoffrey Hulse<br>Brian Geoffrey Hulse<br>N.C. State Bar # 12991<br>hulse@hbhklaw.com |
| P. O. Box 1029<br>133 Fayetteville St., Suite 500<br>Raleigh, NC 27602<br>(919) 833-3114 (TEL)<br>(919) 832-0739 (FAX) | P. O. Drawer 7<br>231 E. Walnut St.<br>Goldsboro, NC 27533-0007<br>919-735-6420 (TEL)<br>919-734-6296 (FAX) |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date shown below, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to Assistant United States Attorneys William Gilmore and Adam Hulbig.

This the 3rd day of November, 2016.

/s/ Elliot S. Abrams
Elliot S. Abrams